**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

IN RE: PEGGY G. VICKERS, Debtor
Bankruptcy Case No. 4:09-ap-01025

| | |
|---|---|
| THE EUDORA BANK | PLAINTIFF |
| v.  No. 4:09CV00372 JLH | |
| PEGGY G. VICKERS | DEFENDANT |

**OPINION AND ORDER**

This is an appeal from Bankruptcy Court for the Eastern District of Arkansas, where The Eudora Bank filed a complaint objecting to the discharge of the debtor, Peggy G. Vickers, Vickers moved to dismiss the complaint, and the bankruptcy court granted that motion. After the bankruptcy court dismissed the complaint, The Eudora Bank appealed and elected for this Court to hear the appeal pursuant to 28 U.S.C. § 158(a)(1) and Rule 8001 of the Federal Rules of Bankruptcy Procedure. The parties have fully briefed the issues. Neither party has requested oral argument, and the Court has concluded that the decision process would not be significantly aided by oral argument.

The complaint filed by The Eudora Bank alleges that on July 19, 1999, The Eudora Bank loaned $680,000 to an entity called Buddy's Git-It-All-Mart, LLC, and that the loan was extended by extension agreements dated August 30, 2004; August 17, 2005; August 17, 2006; August 20, 2007; and September 12, 2008. The Eudora Bank alleges that it was induced to make the loan and grant the extensions by a personal guaranty given by Vickers. According to the complaint, Vickers knowingly and fraudulently induced The Eudora Bank to make the loan and grant the extensions by falsely inflating her financial condition in ways that are specified in the complaint. The concluding paragraph of the complaint says, "This Complaint is being filed pursuant to 11 U.S.C. § 727(a)."

Pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure and Rule 12(b)(6) of the Federal Rules of Civil Procedure, Vickers moved to dismiss the complaint for failure to state facts upon which relief could be granted. Vickers stated in her motion that The Eudora Bank had filed its complaint pursuant to 11 U.S.C. § 727(a) but had failed to state any facts as to why she should be denied a discharge under that provision of the bankruptcy code. The Eudora Bank responded that Vickers's motion was conclusory and that Vickers had admitted in her motion that she had provided false and inaccurate financial statements to The Eudora Bank.

Thereafter, the bankruptcy court dismissed The Eudora Bank's complaint pursuant to Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure. The bankruptcy court stated that although The Eudora Bank did not specifically cite the subsection of § 727(a) under which it sought to deny Vickers a discharge, the only potentially applicable subsection would be § 727(a)(4), which states that a debtor who "knowingly and fraudulently in or in connection with the case . . . made a false oath or account" may be denied a discharge. The bankruptcy court noted that the complaint alleged that Vickers had induced The Eudora Bank to extend credit based on fraudulent statements but did not allege that the fraud occurred in or in connection with the bankruptcy as required by § 727(a). The bankruptcy court also noted in a footnote that The Eudora Bank had sought no relief under 11 U.S.C. § 523.

On appeal, The Eudora Bank argues that the complaint that it filed alleged facts sufficient to state a claim under 11 U.S.C. § 523(a)(2)(B), which provides that a discharge under specified sections does not discharge a debtor from a debt for any property, services or extension, renewal, or refinancing of credit obtained by a materially false statement in writing on which the creditor relied and which the debtor caused to be published with intent to deceive. The Eudora Bank argues that

the bankruptcy court erred by dismissing the complaint when it stated facts sufficient to state a cause of action under that statute even though the statute was not cited in the complaint.  This argument—that the complaint alleged facts sufficient to state a claim for relief pursuant to 11 U.S.C. § 523(a)(2)(B)—was not made to the bankruptcy court; it is made for the first time on appeal.  An appellate court generally does not address the merits of an issue for the first time on appeal.  *Snaza v. City of St. Paul*, 548 F.3d 1178, 1183 (8th Cir. 2008); *United States v. Howard*, 235 F.3d 366, 374 (8th Cir. 2000); *Alexander v. Pathfinder, Inc.*, 189 F.3d 735, 740 (8th Cir. 1999); *Central Airlines, Inc. v. United States*, 169 F.3d 1174, 1175 (8th Cir. 1999); *Dorothy J. v. Little Rock Sch. Dist.*, 7 F.3d 729, 734 (8th Cir. 1993).  If The Eudora Bank had raised this argument in its response to the motion to dismiss, or if The Eudora Bank had filed a motion to amend the complaint so as to state a claim for relief under that statute, and the bankruptcy court then had overruled the argument or refused to permit the complaint to be amended, the Court could consider that issue; but, the Court will not reverse the bankruptcy court on an issue that was never presented to it.

Accordingly, the bankruptcy court is affirmed.

IT IS SO ORDERED this 15th day of July, 2009.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE